[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13011
Non-Argument Calendar
_____

D. C. Docket No. 02-80191-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURA ELLEN LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 16, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Laura Ellen Lee appeals her 24-month sentence imposed upon the revocation of her supervised release. Lee raises two claims for the first time on appeal. First, she argues that the district court erred by imposing a term of imprisonment that

was greater than the advisory Guidelines range for her original sentence. More specifically, she contends that her Sixth Amendment rights were violated because when she was originally sentenced under the mandatory guidelines, the "relevant statutory maximum" for Apprendi[1] purposes was 16 months' imprisonment -- the maximum Guidelines range applicable to the facts charged in her indictment and admitted to her in her guilty plea. Second, Lee asserts the district court imposed an unreasonable sentence because it failed to consider adequately the 18 U.S.C. § 3553(a) factors. We affirm.

Where a defendant fails to raise her constitutional objection before the district court, our review is for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. Id. When these three factors are met, this Court may then exercise its discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). We review a sentence imposed for a violation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Pursuant to 18 U.S.C. § 3583(e),

> a district court may, upon finding by a preponderance of the evidence
> that a defendant has violated a condition of supervised release, revoke

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides that district courts imposing a sentence must first consider, inter alia, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3553(a).

Id.

The relevant facts are these. On October 31, 2002, a federal grand jury returned a multi-count superceding indictment against Lee and several codefendants, in which Lee was charged with knowingly and intentionally maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856(a)(1) and (b), ("Count Four"), and knowingly and intentionally possessing equipment, chemicals, and products that could be used to make methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and (d)(2), ("Count Five"). Pursuant to a written plea agreement, Lee pled guilty to Count Four and the government agreed to dismiss Count Five at sentencing. The presentence investigation report ("PSI") recommended that, based on a total offense level of 10 and a criminal history category of III, Lee's Guidelines range was 10 to 16 months' imprisonment. The statutory maximum for

3

Lee's offense was 20 years' imprisonment. The PSI noted that because the Guidelines range was in "Zone C," the minimum term of imprisonment could be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that included a term of supervised release with a condition that substituted community confinement or home detention, provided that at least one-half of the minimum term was satisfied by imprisonment. If a term of imprisonment was imposed, the maximum term of supervised release was three years.

On February 27, 2003, the district court sentenced Lee to a 5-month term of imprisonment, followed by a 3-year term of supervised release, including150 days of home detention. The court also imposed the following conditions upon her release from imprisonment, inter alia: (1) she was required to refrain from excessive use of alcohol and not use, possess, distribute, or purchase any controlled substances; (2) she could not leave the judicial district without the permission of the court or the probation officer; (3) she was required to answer truthfully all inquiries made by the probation officer; (4) she was required to notify the probation officer ten days before any change in her residence or employment; and (5) she was required to submit to a reasonable search of her person or property.

On September 25, 2003, the probation officer, with Lee's consent, filed a request for modification of the conditions or terms of Lee's supervision.

Specifically, the probation officer sought to modify Lee's terms of supervision by mandating that she participate in an approved inpatient/outpatient mental health treatment program. The probation officer explained the modification was sought because while Lee was serving her term of supervised release she was admitted into a local hospital, where the emergency room physician diagnosed her as being depressed and as having possibly attempted suicide by using alcohol and prescription medications. The district court ordered the modification.

On August 17, 2004, the probation officer filed, with Lee's consent, another request for modification of the conditions or terms of Lee's supervision. The probation officer sought to modify Lee's terms of supervision by mandating that she reside at and participate in a community corrections center not to exceed 120 days in response to (1) Lee's failure to notify the probation officer of a change of residence and employment, (2) her failure to make monthly restitution payments, and (3) her possession and use of a controlled substance. The district court ordered the modification. In January 2006, Lee's terms of supervised release again were modified, this time to include 25 hours of community service in response to Lee's failure to answer truthfully regarding the whereabouts of her daughter, for whom there was an outstanding federal arrest warrant.

Finally, on April 4, 2006, the probation officer filed a petition seeking to have Lee's term of supervised release revoked because Lee had violated the terms and conditions of her supervised release by (1) using cocaine and pain pills without a prescription on or about February 21, 2006; (2) using cocaine and methadone on or about February 23, 2006; (3) leaving the judicial district on February 8, 2006, without first receiving the probation officer's permission; (4) leaving the judicial district on February 27, 2006, without first receiving the probation officer's permission for the purpose of obtaining illegal drugs; (5) tampering with a urine specimen by submitting her granddaughter's urine in place of her own; (6) using cocaine on March 17, 2006; and (7) failing to report for a scheduled urine testing.

At her subsequent detention hearing before a magistrate judge, Lee admitted to having committed all seven violations. In a Report and Recommendation ("R&R"), the magistrate judge recommended that the district court accept Lee's admissions and find her guilty of violating supervised release.

Before her revocation hearing, Lee submitted a letter to the district court requesting that the court not impose the 24-month sentence sought by her probation officer, but instead impose a sentence within the Guidelines range. Lee stated that her drug-use relapse occurred when she learned from her probation officer that individuals involved with her daughter's criminal case were afraid that

her daughter was going to commit suicide upon completing her sentence. Lee also asked the district court to take into consideration that her drug addiction was a disease, her mother was 84 years old and in ill health, and her only sister was physically unable to care for their mother.

At the revocation hearing, the district court noted that it had reviewed the R&R, Lee's letter, and the original PSI. The court noted that although the advisory Guidelines range was 5 to 11 months' imprisonment, the probation officer recommended a 24-month prison term based on Lee's conduct during her period of supervised release. In response, Lee argued that a sentence within the advisory range was appropriate, particularly since the instant violation was her first violation during the two and one-half years she had been on supervised release and that, although she was an addict and would be for the rest of her life, her period of relapse should not negate her long periods of sobriety. The district court responded that there had been four petitions with respect to her supervision and that it was not an accurate statement that her term of supervised release was problem-free, to which Lee replied that this was her first revocation hearing and that the other petitions were distinguishable because they involved a modification of supervised release. She also highlighted that the underlying conviction was for

allowing her daughter and her daughter's friend to use her residence to make methamphetamine, but that there was no evidence that she ever sold drugs.

The government responded that it was recommending a sentence at the top of the Guidelines range, noting that Lee was an addict who decided not to take advantage of the treatment programs available to her, and that there was no other alternative than incarceration. The district court inquired about the sentence required in order to get Lee into a prison drug treatment program. The government responded: "Twenty Four months, Judge."

The court then made the following findings in imposing sentence:

> I have considered the statements of all the parties and all the information contained in the violation report, I have found the Defendant has violated the terms and conditions of supervised and [sic] release and revoke the period of supervised release, and I have determined that based on aggravating circumstances are [sic] a violation of sentence outside the guideline range is appropriate.

> Three things stand out, first, she basically lied to the marshals and -- their efforts to find the daughter. She then used her granddaughter's urine to fake her urine sample. She basically has not treated supervised release seriously, she has continually violated it, she told -- in a phone conversation apparently said that the probation officer was too dumb to find the evidence and she had a chance to seek inpatient treatment and they recommended that she do it and she didn't, and so for all these reasons, I don't see that the advisory guidelines are appropriate. I hope that she can get drug treatment in the Bureau of Prisons, it is my recommendation that she do so.

8

The district court then sentenced Lee to 24 months' imprisonment. After imposing sentence, the court inquired if Lee had any objections to the sentence or the manner in which it pronounced. Lee responded by requesting that she be sent to Coleman, and that the district court specify that it was recommending the 500-hour drug treatment program if that was its intention. The judge replied that he would recommend Central Florida and the 500-hour drug treatment program. This appeal followed.

First, Lee argues that her Sixth Amendment rights were violated based on the district court's imposition of a sentence, upon revocation of supervised release, that exceeded the maximum Guidelines range for the underlying offense.[2] It is well-settled that under an advisory Guidelines system, the maximum sentence that a court may impose is not limited by the Guidelines range, but by what is authorized under the United States Code. United States v. Duncan, 400 F.3d 1297, 1303 (11th Cir. 2005); see also United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (recognizing that even pre-Booker the Chapter Seven revocation guidelines were advisory).

---

[2]Although Lee refers to the maximum sentence allowed under the Guidelines range as the "relevant statutory maximum," the statutory maximum she faced was 20 years imprisonment. See 21 U.S.C. § 856(a)91), (b).

Where, as here, the <u>statutory</u> maximum term of imprisonment is less than 25 years but 10 or more years, the offense is classified as a Class C felony. See 18 U.S.C. § 3559(a)(3). Upon revocation of a term of supervised release, a defendant whose underlying offense is classified as a Class C felony can be sentenced to a term of imprisonment not greater than two years. See 18 U.S.C. § 3583(e)(3). Because Lee was sentenced under an advisory Guidelines system to a term of imprisonment not greater than what was authorized under the U.S. Code, the district court did not commit a Sixth Amendment error, plain or otherwise, in sentencing Lee to 24 months' imprisonment upon revocation of her supervised release.

We also reject Lee's challenge to the reasonableness of her sentence. Because Lee admitted that she violated the conditions of her supervised release, the district court acted within its discretion when it revoked her release. See 18 U.S.C. § 3583(e). Moreover, although the sentence is above the recommended advisory range of 5 to 11 months' imprisonment, it did not exceed the statutory maximum. U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e). Finally, from our careful review of the revocation proceedings, it is clear that the district court adequately considered the § 3553(a) factors in arriving at Lee's sentence. Prior to imposing sentence, the court stated that it had considered the statements of all the parties as well as the

10

information contained in the violation report. The district court also considered Lee's history and characteristics, especially her repeated violations, as aggravating circumstances warranting a sentence outside of the guideline revocation range. Moreover, although the district court did not discuss each of the § 3553(a) factors, it was not required to do so. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). In sum, Lee's 24-month sentence was within the applicable statutory maximum and because the district court did, in fact, consider the advisory Guidelines range, as well as the § 3553(a) factors, we cannot say her sentence was unreasonable.

**AFFIRMED.**